UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
MESTEK, INC.,                               )
                                            )
    Plaintiff,                              )
                                            )
    v.                                      )   C.A. No. 04-30147-KPN
                                            )
MACSTEEL SERVICE CENTERS USA, INC., and )
BSC PROPERTIES, INC.,                       )
                                            )
    Defendants.                             )
_____)

ANSWER AND COUNTERCLAIM OF
MACSTEEL SERVICE CENTERS USA, INC.

Defendant Macsteel Service Centers USA, Inc. ("Macsteel") answers the Complaint of plaintiff Mestek, Inc. ("Mestek") as follows:

FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Macsteel states that Counts I-V of the Complaint fail to state a claim upon which this Court may grant relief.

SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Macsteel states that Mestek is estopped from bringing Counts I-V of the Complaint against Macsteel.

THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Macsteel states that Mestek has waived its claims in Counts I-V of the Complaint.

FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Macsteel states that tariffs imposed by the U.S. Government in April 2002 made it impracticable for Macsteel to provide steel to Mestek at the fixed prices alleged by Mestek in its Complaint.

FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Macsteel states that the claims made by Mestek are barred by the applicable period of limitations and by the doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Macsteel states that Mestek failed to mitigate the damages alleged in the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Macsteel states that the deceptive action practices alleged in the Complaint did not occur primarily and substantially within the commonwealth of Massachusetts.

EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Macsteel responds to the specific allegations of the Complaint as follows:

1.      Macsteel admits that (a) Edgcomb Metals Company, LLC ("Edgcomb") entered into at least one contract to provide steel to Mestek during 2002; (b) Baldwin Steel Company ("Baldwin Steel") entered into at least one contract to provide steel to Mestek during 2002; (c) in or about May 2002, Edgcomb began to acquire flat steel and sheet product inventory, exclusive of any waste materials, located on the premises of a Baldwin Steel facility located in Jersey City,

New Jersey (the "Jersey City Facility"); and (d) in or about April 2004, Edgcomb merged into Macsteel.  Macsteel denies the remaining allegations in ¶ 1 of the Complaint.

2. Denied.

3. Admitted.

4. Macsteel admits that it is a Delaware corporation with its principal place of business in Newport Beach, California, and that in or about April 2004, Edgcomb merged into Macsteel.

5. Macsteel admits that defendant BSC Properties, Inc. has its principal place of business in Laurence Harbor, New Jersey.  Macsteel is without knowledge or information sufficient to form a belief as to the truth of Mestek's remaining allegations in ¶ 5 of the Complaint.

6. Macsteel is without knowledge or information sufficient to form a belief as to the truth of Mestek's allegations in ¶ 6 of the Complaint.

7. Macsteel admits that Edgcomb, via a reverse internet auction conducted in November 2001, bid to supply steel to Mestek during 2002 to Mestek's facilities in Westfield, Massachusetts and Dundalk, Maryland.  Macsteel denies the remaining allegations in ¶ 7 of the Complaint.

8. Macsteel admits that Baldwin Steel, via a reverse internet auction conducted in November 2001, bid to supply steel to Mestek during 2002.  Macsteel denies the remaining allegations in ¶ 8 of the Complaint.

9-12. Denied.

13. Macsteel admits that Mestek wrote to Edgcomb on or about December 5, 2001.  Macsteel is without knowledge sufficient to form a belief as to the truth of allegations regarding

3

Baldwin Steel.  Those letters speak for themselves.  Macsteel denies the remaining allegations of ¶ 13 of the Complaint.

14.    Macsteel admits that throughout 2002, Mestek issued purchase orders to Edgcomb for steel.  Macsteel is without knowledge sufficient to form a belief as to the truth of allegations regarding Baldwin Steel.  Macsteel denies the remaining allegations of ¶ 14 of the Complaint.

15-16.  Denied.

17.    Macsteel admits that in May 2002, Edgcomb began to acquire flat steel and sheet product inventory located at the Jersey City Facility.  Macsteel denies the remaining allegations of ¶ 17 of the Complaint.

18.    Denied.

19.    Macsteel admits that on June 20, 2002, Edgcomb sent Mestek a letter.  That letter speaks for itself.  Macsteel further admits that as of June 20, 2002, Mestek had outstanding orders at the Jersey City Facility.  Macsteel denies the remaining allegations of ¶ 19 of the Complaint.

20-21.  Denied.

22.    Macsteel admits that (a) it purchased some of Baldwin Steel's assets, (b) it has employed certain former employees and managers of Baldwin Steel since July 2002, and (c) Baldwin appeared to cease its ordinary operations as a supplier of steel to Mestek and others.  Macsteel is without knowledge or information sufficient to form a belief as to the truth of Mestek's allegation that Baldwin's apparent cessation of its steel-supply operations was a result of Edgcomb's acquisition of some of Baldwin Steel's assets.  Macsteel denies the remaining allegations of ¶ 22 of the Complaint.

23.	Macsteel admits that Mestek has protested the amounts invoiced by Edgcomb and Baldwin for steel supplied by Edgcomb in 2002.  Macsteel denies the remaining allegations of ¶ 23 of the Complaint.

24-25.	Denied.

26.	Macsteel admits that Mestek has its headquarters and principal place of business in Massachusetts.  Macsteel denies the remaining allegations of ¶ 26 of the Complaint.

27.	Macsteel admits that Edgcomb merged into Macsteel in April 2004, and that Macsteel is liable for Edgcomb's conduct.  Macsteel denies the remaining allegations of ¶ 27 of the Complaint.

28.	Macsteel adopts by reference its answers in ¶¶ 1-27 above as its answer to ¶ 28 of the Complaint.

29-30.	Denied.

31.	Admitted.

32.	Macsteel adopts by reference its answers in ¶¶ 1-31 above as its answer to ¶ 32 of the Complaint.

33-34.	Denied.

35.	Admitted.

36.	Macsteel adopts by reference its answers in ¶¶ 1-35 above as its answer to ¶ 36 of the Complaint.

37.	Admitted.

38-40.	Denied.

41.	Admitted.

42. Macsteel adopts by reference its answers in ¶¶ 1-41 above as its answer to ¶ 42 of the Complaint.

43-44. Denied.

45. Admitted.

46. Macsteel adopts by reference its answers in ¶¶ 1-45 above as its answer to ¶ 46 of the Complaint.

47-48. Denied.

49. Admitted.

50-54. As these allegations are directed to BSC Properties, Inc., Macsteel will not answer them.

## COUNTERCLAIM

Macsteel Service Centers USA, Inc. ("Macsteel"), successor in interest to Edgcomb Metals Company, LLC ("Edgcomb"), hereby counterclaims for amounts due and owing by Mestek, Inc. ("Mestek") for steel delivered by Edgcomb to Mestek in 2003.

### Parties

1. Counterclaim-plaintiff Macsteel is a Delaware corporation with its principal place of business in Newport Beach, California. Macsteel is a successor in interest to Edgcomb.

2. Counterclaim-defendant Mestek is a Pennsylvania corporation with its principal place of business in Westfield, Massachusetts.

### Jurisdiction and Venue

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transactions and occurrences alleged in Mestek's Complaint, and thus forms a part of the same case or controversy within the meaning

of Article III of the U.S. Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## Claim for Breach of Contract/Goods Sold and Received

4. In 2003, pursuant to requests by Mestek, Edgcomb made ten shipments of steel to Mestek.  With each shipment, Edgcomb provided Mestek with Macsteel's "Terms and Conditions of Sale."

5. Mestek accepted all ten deliveries described in ¶ 4 of this Counterclaim.

6. In accordance with the Terms and Conditions of Sale, Edgcomb invoiced Mestek for the shipments described in ¶ 4 of this Counterclaim.

7. Mestek has failed to pay $53,984.59 for the shipments described in ¶ 4 of this Counterclaim.

FOR THESE REASONS, defendant Macsteel Service Centers USA, Inc. asks this Court to:

A. Dismiss the Complaint of plaintiff Mestek, Inc., with prejudice;

B. Enter judgment against Mestek and in favor of Macsteel on its Counterclaim;

C. Award Macsteel damages, interest and costs, including reasonable attorneys fees, on its Counterclaim; and

~BOST1:310399.v1  |10/12/04

D. Grant such other and further relief as is just and appropriate.

DEFENDANT/COUNTERCLAIM-PLAINTIFF MACSTEEL SERVICE CENTERS USA, INC. DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THE COMPLAINT AND COUNTERCLAIMS THAT ARE SO TRIABLE.

MACSTEEL SERVICE CENTERS USA, INC.,

By its attorneys,

_____/s/ Michael D. Vhay_____
E. Randolph Tucker (BBO No. 503845)
Michael D. Vhay (BBO No. 566444)
PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, MA  02110-2600
(617) 406-6000 (telephone)
(617) 406-6100 (fax)

Dated: October 12, 2004