UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MESTEK, INC.,

                Plaintiff,

v.

MACSTEEL SERVICE CENTERS USA, INC. and BSC PROPERTIES, INC.,

                Defendants.

Civil Action No. 3:04-cv-30147-KPN

## ANSWER AND CROSS-CLAIM

Defendant BSC Properties, Inc. ("BSC") answers the Complaint of Mestek as follows:

1.     BSC admits that Baldwin Steel Company (now known as BSC) entered into a contract to provide steel at stated prices to Mestek for 2002 (the "Baldwin/Mestek Contract"). BSC further admits that in or about May 2002, Edgcomb began to acquire Baldwin's assets, and that it assumed control over all of Baldwin's assets and operations relating to the Baldwin/Mestek Contract. BSC denies liability for any breach of the Baldwin/Mestek Contract and denies knowledge and information sufficient to form a belief as to the remaining allegations in ¶ 1 of the Complaint.

2.     Denied as to BSC.

3.     BSC denies knowledge and information sufficient to form a belief as to the allegations in ¶ 3 of the Complaint.

4.     BSC denies knowledge and information sufficient to form a belief as to the allegations in ¶ 4 of the Complaint.

5. Admitted.

6. Admitted.

7. BSC denies knowledge and information sufficient to form a belief as to the allegations in ¶ 7 of the Complaint.

8. Admitted, except BSC denies knowledge or information sufficient to form a belief as to terms of the Baldwin/Mestek Contract.

9. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 9 of the Complaint.

10. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 10 of the Complaint, except BSC admits that in its bid, it did not expressly reserve any right to change pricing at any time during 2002.

11. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 11 of the Complaint.

12. BSC admits that Mestek advised Baldwin that it accepted its bid with respect to certain locations and steel categories, and denies knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 12 of the Complaint.

13. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 13 of the Complaint.

14. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 14 of the Complaint, except BSC admits that Mestek issued certain purchase orders to Baldwin steel during 2002.

15. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 15 of the Complaint.

16.  BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 16 of the Complaint.

17.  Admitted.

18.  BSC admits that in May 2002, Edgcomb succeeded to Baldwin's rights and obligations under the Baldwin/Mestek Contract and denies knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 17 of the Complaint.

19.  Admitted.

20.  BSC denies any liability for any alleged breach of the Baldwin/Mestek Contract and denies knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 20 of the Complaint.

21.  BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 21 of the Complaint.

22.  Admitted to the extent the allegations relate to the supply of steel to Mestek, and deny knowledge or information with respect to the supply of steel to others.

23.  BSC admits that Mestek stated that it did not accept the higher price charged for the steel dictated by Edgcomb, denies that it received any of the proceeds from any such higher prices, and denies knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 23 of the Complaint.

24.  BSC denies that it engaged in unfair acts or practices with Mestek and denies knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 24 of the Complaint.

25.  BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 25 of the Complaint, except BSC admits that Edgcomb held itself out to

Mestek as successor to Baldwin's contractual obligations and obtained the benefits of Baldwin's contract to supply steel to Mestek.

26. BSC denies that it engaged in any unfair or deceptive practices, and BSC denies knowledge or information as to the remaining allegations in ¶ 26 of the Complaint.

27. BSC denies knowledge or information sufficient to form a belief as to the allegations in ¶ 27 of the Complaint.

28. BSC adopts by reference its responses to allegations in ¶¶ 1-27.

29. As this allegation relates to claims against Macsteel, no response is required by BSC.

30. As this allegation relates to claims against Macsteel, no response is required by BSC.

31. As this allegation relates to claims against Macsteel, no response is required by BSC.

32. BSC adopts by reference its responses to allegations in ¶¶ 1 - 31.

33. As this allegation relates to claims against Macsteel, no response is required by BSC.

34. As this allegation relates to claims against Macsteel, no response is required by BSC.

35. As this allegation relates to claims against Macsteel, no response is required by BSC.

36. BSC adopts by reference its responses to the allegations in ¶¶ 1 – 35.

37. As this allegation relates to claims against Macsteel, no response is required by BSC.

38. As this allegation relates to claims against Macsteel, no response is required by BSC.

39. As this allegation relates to claims against Macsteel, no response is required by BSC.

40. As this allegation relates to claims against Macsteel, no response is required by BSC.

41. As this allegation relates to claims against Macsteel, no response is required by BSC.

42. BSC adopts by reference its responses to the allegations contained ¶¶ 1 – 41.

43. BSC denies any liability for any alleged breach of contract, and denies information and knowledge sufficient to form a belief as to Edgcomb.

44. BSC denies that Mestek was damaged by any actions other than those taken or directed by Edgcomb, and denies information and knowledge sufficient to form a belief as to whether Mestek was damaged by Edgcomb's actions.

45. Admitted.

46. BSC adopts by reference its responses to allegations contained in ¶¶ 1 – 45.

47. BSC denies any liability for any alleged breach of an implied covenant of good faith and fair dealing, and denies information and knowledge sufficient to form a belief as to Edgcomb.

48. BSC denies the allegations as to Baldwin, and denies information and knowledge sufficient to form a belief as to Edgcomb.

49. Admitted.

50. BSC adopts be reference its responses to allegations contained in ¶¶ 1 – 50.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

### FIRST AFFIRMATIVE DEFENSE

Mestek is estopped from bringing counts against BSC for acts that it knew, or should have known, were directed by Edgcomb.

### SECOND AFFIRMATIVE DEFENSE

Mestek has waived its claims against BSC for acts that it knew, or should have known, were directed by Edgcomb.

### THIRD AFFIRMATIVE DEFENSE

Any actions taken by Baldwin with respect to the Inventory (as defined in paragraph 4 below) was as an agent on behalf of a disclosed principal, Edgcomb.

### **CROSS-CLAIM AGAINST MACSTEEL**

BSC Properties, Inc., as successor to Baldwin Steel Company, hereby cross-claims against Macsteel Service Centers, USA Inc. ("Macsteel") as follows:

#### Parties

1. BSC is the successor in interest to Baldwin Steel Company.

2. Macsteel is the successor in interest to Edgcomb.

#### Jurisdiction

3. This Court has supplemental jurisdiction over this Cross-Claim pursuant to U.S.C. § 1367(a).

Facts

4. In or about May 2002, Edgcomb purchased from Baldwin all of the flat steel and sheet product inventory (the "Inventory") located at the Jersey City, New Jersey facility of Baldwin (the "May 2002 Inventory Purchase Agreement").

5. Baldwin's actions thereafter with respect to the Inventory were in the capacity of an independent contractor of Edgcomb.

6. Specifically, in accordance with the terms of the May 2002 Inventory Purchase Agreement, Edgcomb engaged Baldwin to provide warehouse and sales personnel to provide services to Edgcomb with respect to the Inventory.

7. Baldwin personnel took and followed instructions from Edgcomb as to the disposition of that Inventory pursuant to any and all outstanding purchase orders and contracts relating to that Inventory.

8. The Baldwin/Mestek Contract was one such contract that related to the Inventory.

9. On or about June 20, 2002, Edgcomb sent a letter to Mestek confirming that Edgcomb has purchased the Jersey City Inventory.

10. In that letter, Edgcomb advised Mestek that all prices for coated products to all Mestek locations would increase effective July 1, 2002 by $100 per ton.

11. Edgcomb further advised Mestek that "[a]ll on-order positions of Baldwin's Jersey City business have now been changed to Edgcomb Metals' Eastern Region plants" and assured Mestek that Edgcomb would "work with [its] plants to make certain that this is an orderly transition [from Baldwin to Edgcomb]."

12. To the extent Mestek paid an additional $100 per ton for the Inventory delivered pursuant to the Baldwin/Mestek Contract, those additional sums were retained by

Edgcomb; Baldwin did not benefit from any part of the proceeds from any such sales.

### Cross-Claim Count I
### (Indemnity based upon May 2002 Agreement)

13. BSC repeats the allegations in paragraphs 1 – 12 of its Cross-Claim.

14. To the extent that BSC is found to have any liability to Mestek under the Baldwin/Mestek Contract, Edgcomb is liable to indemnify Baldwin in that same amount under the terms of the May 2002 Inventory Purchase Agreement because the increase was effected by, and benefited Edgcomb, not Baldwin.

### Cross-Claim Count II
### (Indemnity based upon Principal/Agent Relationship)

15. BSC repeats the allegations in paragraphs 1-14 of its Cross-Claim.

16. To the extent that BSC is found to have any liability to Mestek under the Baldwin/Mestek Contract, Edgcomb is liable to Baldwin in that same amount because Baldwin's actions were as an agent acting as directed by, and on behalf of a disclosed principal, Edgcomb.

### Cross-Claim Count III
### (Indemnity base upon September 27, 2002 Agreement)

17. BSC repeats the allegations in paragraphs 1-16 of its Cross-Claim.

18. Baldwin and Edgcomb entered into an Agreement for the Purchase and Sale of Substantially All of the Assets of Baldwin Steel Company dated September 27, 2002 (the "September 27, 2002 Agreement").

19. To the extent that BSC is found to have any liability to Mestek under the Baldwin/Mestek Contract, Edgcomb is liable to indemnify Baldwin in that same amount under the terms of the September 27, 2002 Agreement.

WHEREFORE, defendant BSC Properties, Inc. asks this Court to:

    a. Dismiss all counts against BSC Properties, Inc. with prejudice;

    b. Enter judgment in favor of BSC Properties on its Cross-Claim against Macsteel, and award BSC, by way of indemnification, its reasonable attorneys' fees; and

    c. Grant such other and further relief as is just and appropriate.

Dated: January 18, 2005

BSC PROPERTIES, INC.,
Defendant,

By its attorneys,

Lucy Prashker, Esq. (BBO #405330)
Cain Hibbard Myers & Cook, PC
309 Main Street
Great Barrington, MA 01230
(413) 443-4771 (telephone)
(413) 528-6973 (facsimile)
lprashker@cainhibbard.com