UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
MESTEK, INC.,                                 )
                                                    )
    Plaintiff,                         )
                                                    )
v.                                                  )    C.A. No. 04-30147-KPN
                                                    )
MACSTEEL SERVICE CENTERS USA, INC., and )
BSC PROPERTIES, INC.,           )
                                                   )
    Defendants.                     )
_____)

MACSTEEL SERVICE CENTERS USA, INC.'S
ANSWER TO CROSS-CLAIM OF BSC PROPERTIES, INC.
AND COUNTER-CROSS-CLAIM

Defendant/cross-claim defendant Macsteel Service Centers USA, Inc. ("Macsteel") answers the Cross-Claim of defendant/cross-claim plaintiff BSC Properties, Inc. ("BSC") as follows:

FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Macsteel states that the Cross-Claim fails to state a claim upon which this Court may grant relief.

SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Macsteel states that BSC is estopped from bringing its Cross-Claim against Macsteel.

THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Macsteel states that BSC waived its claims in its Cross-Claim.

FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Macsteel states that BSC's claims under Counts II and III of its Cross-Claim must be arbitrated pursuant to § 13.14 of the asset purchase agreement between Edgcomb Metals Company, LLC ("Edgcomb") and Baldwin Steel Company ("Baldwin") dated September 27, 2002.

FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Macsteel responds to the specific allegations of the Complaint as follows:

1-3.   Admitted.

4.   Macsteel admits that by an agreement dated May 31, 2002, Edgcomb purchased from Baldwin all of the flat steel and sheet product inventory (exclusive of any waste materials, the "Inventory") located at Baldwin's Jersey City, New Jersey facility.  Macsteel denies the remaining allegations in ¶ 4 of the Cross-Claim.

5.   Macsteel is without knowledge or information sufficient to form a belief as to the truth of BSC's allegations in ¶ 5 of the Cross-Claim.

6.   Macsteel admits that in accordance with the terms of an agreement dated May 29, 2002 (the "May 29, 2002 Agreement"), warehouse personnel employed by Baldwin performed services with respect to the Inventory.  Macsteel further admits that, in accordance with the May 29, 2002 Agreement, Edgcomb hired certain Baldwin sales personnel who performed services for Edgcomb with respect to the Inventory.  Macsteel is without knowledge or information sufficient to form a belief as to the truth of BSC's remaining allegations in ¶ 6 of the Cross-Claim.

7. Macsteel admits that certain Baldwin employees took and followed instructions from Edgcomb concerning the disposition of the Inventory. Macsteel denies BSC's remaining allegations in ¶ 7 of the Cross-Claim.

8. Macsteel admits that Baldwin had a contract with Mestek to provide steel (the "Baldwin/Mestek Contract"). Macsteel denies BSC's remaining allegations in ¶ 8 of the Cross-Claim.

9. Admitted.

10. Macsteel admits that in Edgcomb's June 20, 2002 letter to Mestek, Edgcomb advised Mestek that "all products to all locations will go up effective with shipments July 1, 2002 by $5.00 cwt ($100 per ton)." Macsteel denies the remaining allegations in ¶ 10 of the Cross-Claim.

11. Macsteel admits that Edgcomb's June 20, 2002 letter to Mestek stated: "All on-order positions of Baldwin's Jersey City business have now been changed to Edgcomb Metals' Eastern Region plants." Macsteel further admits that Edgcomb's June 20, 2002 letter to Mestek stated: "You have our assurance that we will work with your plants to make certain that this is an orderly transition and our quality and service will be second to none[.]" Macsteel denies the remaining allegations of ¶ 11 of the Cross-Claim.

12. Macsteel admits that, to the extent that Mestek paid an additional $100 per ton for Inventory over the prices set forth in the Baldwin/Mestek Contract, Mestek paid that amount to Edgcomb. Macsteel denies the remaining allegations of ¶ 12 of the Cross-Claim.

13. Macsteel incorporates by reference its responses to ¶¶ 1-12 of the Cross-Claim as and for its response to ¶ 13 of the Cross-Claim.

14. Denied.

15. Macsteel incorporates by reference its responses to ¶¶ 1-14 of the Cross-Claim as and for its response to ¶ 15 of the Cross-Claim.

16. Denied.

17. Macsteel incorporates by reference its responses to ¶¶ 1-16 of the Cross-Claim as and for its response to ¶ 17 of the Cross-Claim.

18. Admitted.

19. Denied.

## COUNTER-CROSS-CLAIM

Macsteel Service Centers USA, Inc. ("Macsteel"), successor in interest to Edgcomb Metals Company, LLC ("Edgcomb"), counter-cross-claims for indemnification from BSC Properties, Inc. ("BSC") for any amounts that Macsteel is found to owe to Mestek, Inc. ("Mestek") on account of Baldwin Steel Company's ("Baldwin") breaches of its contract with Mestek.

### Parties

1. Counter-cross-claim-plaintiff Macsteel is a Delaware corporation with its principal place of business in Newport Beach, California. Macsteel is the successor in interest to Edgcomb.

2. Counter-cross-claim-defendant BSC is a New Jersey corporation with its principal place of business in New Jersey. BSC is the successor in interest to Baldwin.

### Jurisdiction and Venue

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transactions and occurrences alleged in BSC's

Cross-Claim, and thus forms a part of the same case or controversy within the meaning of Article III of the U.S. Constitution. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

### Factual Background

4. On May 29, 2002, Edgcomb and Baldwin entered into an agreement (the May 29, 2000 Agreement") concerning Baldwin's flat-steel and sheet-product inventory at Baldwin's Jersey City, New Jersey facility (the "Inventory").

5. Edgcomb purchased the Inventory "free and clear of all liens, claims, equities, security interests, encumbrances, and transfer or transaction taxes or impositions of any type, nature or description whatsoever."

6. Edgcomb performed all of its obligations under the May 29, 2002 Agreement, including but not limited to paying Baldwin all of the consideration due under the agreement.

7. Edgcomb purchased substantially all of Baldwin's remaining assets pursuant to an Asset Purchase Agreement dated September 27, 2002 (the "September 27, 2002 Agreement"). Edgcomb's purchase of Baldwin's remaining assets was free and clear of any claims by Mestek, Inc. ("Mestek") for breach of contract, and subject only to certain stated assumed liabilities.

8. Edgcomb performed all of its obligations under the September 27, 2002 Agreement, including but not limited to paying Baldwin all of the consideration due under the agreement.

9. Counts IV-V of Mestek's Complaint alleges that, subsequent to the transactions described in ¶¶ 4-8 above, Baldwin breached a contract to provide Mestek with steel at stated prices, and that Edgcomb is liable in connection with Baldwin's breach.

10. Under the May 29 and September 27, 2002 Agreements, Baldwin is liable to Edgcomb for any liability that Edgcomb may have on account of Baldwin's alleged breaches of its contract with Mestek.

## Count One
(Indemnity Under May 29, 2002 Agreement)

11. To the extent that Macsteel is found to have any liability to Mestek in connection with any breach of Baldwin's contract with Mestek, BSC is liable under the May 29, 2002 Agreement to indemnify Macsteel for the full amount of damages, fees, costs, expenses and other charges arising in connection therewith.

## Count Two
(Indemnity Under September 27, 2002 Agreement)

12. Macsteel repeats and incorporates by reference its allegations in ¶¶ 1-11 above as and for this ¶ 12.

13. Without waiving its right to demand arbitration of the parties' dispute, Macsteel alleges that, to the extent that it is found to have any liability to Mestek for any breach of Baldwin's contract with Mestek, BSC is liable under the September 27, 2002 Agreement to indemnify Macsteel for the full amount of damages, fees, costs, expenses and other charges arising in connection therewith.

FOR THESE REASONS, defendant/cross-claim-defendant/counter-cross-claim plaintiff Macsteel Service Centers USA, Inc. asks this Court to:

   A. Dismiss the Cross-Claim of defendant/cross-claim plaintiff/counter-cross-claim defendant BSC Properties, Inc., with prejudice;

   B. Enter judgment in favor of Macsteel on its counter-cross-claim against BSC (unless otherwise found to be arbitrable) and award BSC, by way of indemnification, its damages, reasonable expenses and attorneys' fees; and

      C.      Grant such other and further relief as is just and appropriate.

DEFENDANT/CROSS-CLAIM DEFENDANT/COUNTER-CROSS-CLAIM PLAINTIFF MACSTEEL SERVICE CENTERS USA, INC. DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THE COMPLAINT, COUNTERCLAIM, CROSS-CLAIM AND COUNTER-CROSS-CLAIM THAT ARE SO TRIABLE.

                  MACSTEEL SERVICE CENTERS USA, INC.,

                  By its attorneys,

                  _____/s/ Michael D. Vhay_____
                  E. Randolph Tucker (BBO No. 503845)
                  Michael D. Vhay (BBO No. 566444)
                  PIPER RUDNICK LLP
                  One International Place, 21st Floor
                  Boston, MA  02110-2600
                  (617) 406-6000 (telephone)
                  (617) 406-6100 (fax)

Dated: February 7, 2005